UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE DENISE GRIGGS, | Case No. 2:21-cv-02117-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LAS VEGAS METRO POLICE DEPARTMENT, | **and** |
| Defendant. | **REPORT AND RECOMMENDATION** |
| | **Re: ECF No. 1 and 1-2** |

Pending before the Court is Plaintiff's Complaint and application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 and 1-2. Plaintiff is not incarcerated and has provided the necessary information to quality for IFP status, which will be granted. Therefore, the Court proceeds with screening the Complaint.

**I.      Screening the Complaint**

In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915(e)(2) when reviewing the adequacy of this Complaint. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." To survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*

1

*Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  Nonetheless, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Finally, all or part of a complaint filed by a person proceeding under § 1915 may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Plaintiff's Complaint

Plaintiff names the Las Vegas Metropolitan Police Department ("LVMPD" or "Metro") as its only Defendant.  ECF No. 1-2.  Plaintiff identifies nine federal laws and code sections she contends Metro violated.  *Id.* at 1.  She pleads a host of allegations, many of which are difficult to decipher.  For example, Plaintiff states the LVMPD caused her to get a traffic ticket in Casselberry, Florida, and that somehow the Nevada Department of Motor Vehicles placed a hold on her Florida driver's license.  *Id.* at 2.  Plaintiff says she is recovering from "stalking, harassment, assault, sexual assault, false arrest, false imprisonment" and other offenses, all inflicted by the LVMPD and other law enforcement agencies (such as the Ventura, California Sheriff's Department), which causes her to file her present lawsuit.  *Id.*  Plaintiff offers a difficult to understand series of events that occurred on December 17, 2017 in Las Vegas, June 5, 2018, July 5, 2018, February 2021, and June 5, 2021 that are, at times, fantastic and delusional in nature.  No prayer for relief is pleaded by Plaintiff.

## III.   Analysis of the Complaint

Plaintiff's claims fail for the following reasons.

A.    <u>Monell</u>:  Assuming decipherability, which the Court finds is questionable, the U.S. Supreme Court decision in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), allows Plaintiff to recover from a municipality and local governmental entities under § 1983 for

1    violations of constitutional rights; however, she must allege one of three theories to do so.  *Id.*;

2    *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010).  "First, a local government

3    may be held liable 'when implementation of its official policies or established customs inflicts the

4    constitutional injury.'"  *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)).  "Second,

5    under certain circumstances, a local government may be held liable under § 1983 for acts of

6    omission, when such omissions amount to the local government's own official policy."  *Id.*  "Third,

7    a local government may be held liable under § 1983 when 'the individual who committed the

8    constitutional tort was an official with final policy-making authority' or such an official 'ratified a

9    subordinate's unconstitutional decision or action and the basis for it.'"  *Id.* at 1250 (quoting *Gillette*

10   *v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).  Here, Plaintiff does not allege any facts

11   suggesting that an official policy or custom of the LVMPD resulted in a constitutional injury or that

12   any conduct amounted to the LVMPD's official policy.  Plaintiff also does not allege that the acts

13   as described were committed by an official with final policy making authority.  For these reasons,

14   Plaintiff's claims fail to state a claim against LVMPD under *Monell*.

15          B.    Failure to State a Claim:  While the Court acknowledges Plaintiff's *pro se* status, her

16   attempt to allege claims violates Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of"

17   the claims asserted, as well as Rule 8(d)(1) requiring each allegation to be "simple, concise, and

18   direct."  In other words, Plaintiff's allegations fail to tie specific facts to specific claims in a simple,

19   concise or direct manner that would reasonably allow the LVMPD to understand the link between

20   the alleged conduct and the alleged deprivation of rights.  Plaintiff fails to provide coherent facts

21   underlying claims, and her Complaint contain frivolous and delusional allegations regarding

22   unrelated entities and matters.  Plaintiff's claims are in contravention of Rule 8, which ensures a

23   defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Dura*

24   *Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citation and quotation marks omitted).

25   For these reasons, Plaintiff fails to state claims upon which relief may be granted.

26   **IV.    Order**

27          Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma*

28   *pauperis* (ECF No. 1) is GRANTED.

3

**V.      Recommendation**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-2) be dismissed without prejudice allowing Plaintiff to replead these claims curing the deficiencies identified above.

IT IS FURTHER RECOMMENDED that Plaintiff be given **thirty (30) court days** from the date of this Report and Recommendation to file an amended complaint correcting the above deficiencies  Plaintiff should be advised that if she files an amended complaint, the document shall be titled "Amended Complaint."  Plaintiff be further advised that her original Complaint (ECF No. 1-2) will no longer serve any function in this case.  As such, an amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with this Order, Plaintiff's action should be dismissed.

Dated this 6th day of December, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).