UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICOLE DENISE GRIGGS,

    Plaintiff,

 v.

LAS VEGAS METRO POLICE
DEPARTMENT,

    Defendant.

Case No. 2:21-cv-02117-RFB-EJY

**ORDER**

**and**

**REPORT AND RECOMMENDATION**

**Re: ECF No. 1 and 1-2**

Pending before the Court is Plaintiff's Amended Complaint filed in response to the Court's December 6, 2021 Order (ECF No. 3).

**I. Screening the Amended Complaint**

In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915(e)(2) when reviewing the adequacy of this Amended Complaint. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." To survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Nonetheless, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court liberally

1

1  construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff

2  can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v.*

3  *Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

4        Finally, all or part of a complaint filed by a person proceeding under § 1915 may be dismissed

5  if the claims lack an arguable basis either in law or in fact.  This includes claims based on legal

6  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

7  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

8  factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

9  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

10  **II.    Plaintiff's Amended Complaint**

11        Plaintiff names the Las Vegas Metropolitan Police Department ("LVMPD" or "Metro") as

12  her only apparent Defendant.  ECF No. 4.  She alleges that in 2017 an unidentified Metro male

13  officer patted her down "palming" her breasts in violation of law.  Plaintiff says this occurred outside

14  her apartment in the presence of the former Director of the Department of Corrections for the State

15  of Nevada, James Dzurenda, who was with her on that date and called the police after she and Mr.

16  Dzurenda encountered a chemically impaired neighbor coming out of his apartment.

17        Plaintiff next alleges she was standing in a CVS parking lot in July 2018 when an LVMPD

18  officer arrived after she supposedly called about a car accident she only witnessed.  Mr. Dzurenda

19  is alleged to have appeared at this scene too.  Plaintiff states that LVMPD kidnapped her, falsely

20  imprisoned her for driving under the influence ("DUI"), and lied to the Nevada Department of Motor

21  Vehicles (the "Nevada DMV") stating she was pulled over for suspicion of DUI.  Plaintiff stated

22  that the Nevada DMV suspended her driver's license after she tested positive for driving under the

23  influence of cannabis and placed a two year national hold on her ability to obtain a new license.  As

24  a result of the national hold on her license, Plaintiff states she could not renew her license in Florida

25  and was ticketed in 2021 as a result.

26        Plaintiff states she lives in her van and has many health problems for which she has had

27  difficulty obtaining care as the result of stress arising from her interactions with the LVMPD.

28

1  Plaintiff also states she lost her best friend, a cat, as the result of all her stress.  Plaintiff is seeking

2  $500,000,000 in damages for her losses.

3  **III.  Analysis of the Amended Complaint**

4       As explained in the Court's original Order and Report and Recommendation, the U.S.

5  Supreme Court decision in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978),

6  allows Plaintiff to recover from a municipality and local governmental entities under § 1983 for

7  violations of constitutional rights; however, she must allege one of three theories to do so.  *Id.*;

8  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010).  "First, a local government

9  may be held liable 'when implementation of its official policies or established customs inflicts the

10 constitutional injury.'"  *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)).  "Second,

11 under certain circumstances, a local government may be held liable under § 1983 for acts of

12 omission, when such omissions amount to the local government's own official policy."  *Id.*  "Third,

13 a local government may be held liable under § 1983 when 'the individual who committed the

14 constitutional tort was an official with final policy-making authority' or such an official 'ratified a

15 subordinate's unconstitutional decision or action and the basis for it.'"  *Id.* at 1250 (quoting *Gillette*

16 *v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).  Plaintiff again fails to allege any facts

17 suggesting that an official policy or custom of the LVMPD or any conduct amounted to the

18 LVMPD's official policy resulted in a constitutional injury.  Plaintiff also does not allege that the

19 acts, as described, were committed by an official with final policy making authority.  For these

20 reasons, Plaintiff's Amended Complaint fails to state a claim against LVMPD under *Monell*.

21      Further, the Court acknowledges Plaintiff's *pro se* status, but still finds Plaintiff's allegations

22 are a bit fantastic as evidenced by the repeated references to James Dzurenda, the allegations that

23 LVMPD officers committed perjury, and allegations regarding incidents with other law enforcement

24 agencies in the U.S.  Plaintiff also alleges relatives, all with high level positions in the U.S. Military,

25 Department of Defense, and Defense Logistics Agency, are abusing their powers, which, Plaintiff

26 states is consistent with a statement made by Jerry Spence "in his book 'Police State.'"  Plaintiff's

27 claims for relief, including such things as theft of medical products and domestic terrorism, further

28 support the Court's concerns.

However, and importantly, even if the Court sets aside Plaintiff's fantastic and implausible allegations, Plaintiff's Fourth Amendment claims against the LVMPD and its officers are time barred.   That is, construing Plaintiff's claims as alleging a Fourth Amendment violation for unreasonable search of her person in 2017, and unlawful seizure without a warrant in 2018, Plaintiff did not file her original complaint in November 2021.  ECF Nos. 1, 5 at 2-3.  While Section 1983 does not contain its own statute of limitations, federal courts apply the statute of limitations applicable to personal injury claims in the forum state.  *Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir. 2012).  In Nevada, the statute of limitations for personal injury claims is two years.  NRS 11. 190(4)(e).  Thus, Plaintiff's Fourth Amendment claims are barred by the two year statute of limitations and these claims must be dismissed.

Plaintiff further alleges she was denied a driver's license by the State of Florida in February 2021, and received a ticket as a result of this denial.  Assuming the denial of a driver's license is a separate harm cognizable under the U.S. Constitution, this claim would be brought as a substantive due process claim.  To prevail on a substantive due process claim under Section 1983, a plaintiff must demonstrate the (1) deprivation of a protected life, liberty, or property interest; and (2) that the defendant engaged in "conduct that 'shock[s] the conscience and offend[s] the community's sense of fair play and decency.'"  *Regents of the University of Caifornia v. U.S. Department of Homeland Security*, 908 F.3d 476, 514, 518 (9th Cir. 2018).  However, the underlying basis of this claim requires the Court, at a minimum, to find the alleged irrational and wholly incredible allegations regarding repeated bizarre conduct by LVMPD officers plausible, which the Court does not do. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke*, 490 U.S. at 327-28; *McKeever*, 932 F.2d at 798.  Indeed, the district court has the authority to dismiss a case *sua sponte* without notice to the plaintiff when she "cannot possibly win relief."  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1998).

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Fourth Amendment claims asserted in her Amended Complaint (ECF No. 4) be dismissed with prejudice as her claims are time barred.

IT IS FURTHER RECOMMENDED that Plaintiff's substantive due process claims for denial of a drivers license by the State of Florida be dismissed with prejudice as asserting failing to state a claim upon which relief may be granted.

IT IS FURTHER RECOMMENDED that this case be closed by the Clerk of Court and judgment entered in favor of Defendants.

Dated this 30th day of March, 2022.


_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).